UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robin M. Pilus,                                                   Case No. 3:20-cv-1652

          Plaintiff,

v.                                                           MEMORANDUM OPINION
                                                                    AND ORDER

Commissioner of Social Security,

          Defendant.

## I. INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Jonathan D. Greenberg, recommending I vacate the Commissioner's decision denying Plaintiff Robin Pilus's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") and remand the matter for further proceedings. (Doc. No. 16). The Commissioner timely filed objections to Judge Greenberg's R & R. (Doc. No. 17). Pilus filed a response to these objections. (Doc. No. 18).

## II. BACKGROUND

After reviewing the R & R, I conclude Judge Greenberg has thoroughly explained the relevant procedural history and evidence at issue in this case and incorporate and adopt those sections of the R & R, in full. (Doc. No. 16 at 2-13).

## III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. DISCUSSION

Judge Greenberg recommends the ALJ's decision must be vacated on two grounds. First, Judge Greenberg reports the ALJ failed to analyze whether Pilus's impairments met Listing 1.04 at Step Three of the sequential evaluation process. And second, Judge Greenberg reports the ALJ failed to properly explain his analysis of Pilus's right upper extremity impairment in his assessment

2

of Pilus's residual functional capacity ("RFC").  The Commissioner challenges both of these findings.

**A.      Listing 1.04 Analysis**

>   At Step Three of the sequential evaluation, the ALJ stated the following of Listing 1.04:
>
>   The claimant's impairment failed to meet the listing for 1.04 (Disorders of the Spine), because the record, consistent with the findings below, does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: (A) Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and positive straight-leg raising or; (B) Spinal arachnoiditis or; (C) Lumbar spinal stenosis resulting in pseudoclaudication. (see 20 CFR Part 404 Subpart P, Appendix 1, § 1.04).

(Doc. No. 12 at 22).  Judge Greenberg concluded this was insufficient because "the ALJ has offered no more than a conclusion that 'claimant's impairment failed to meet the listing for 1.04,' without offering any citations to evidence or analysis to support this finding."  (Doc. No. 16 at 22).

In his R & R, Judge Greenberg acknowledged the Commissioner's argument that record evidence supported the ALJ's Step Three conclusion and noted that the ALJ had cited some of this evidence later in the decision.  (*Id.* at 23).  Still, Judge Greenberg concluded that because "the ALJ did not relate any of the evidence discussed later in the decision to the specific criteria of Listing 1.04," he had committed an error of law requiring remand.  (*Id.* at 23-24).

In support, Judge Greenberg cited the Sixth Circuit's admonition in *Harvey v. Commissioner of Social Security*, No. 16-3266, 2017 WL 4216585 (6th Cir. Mar. 6, 2017), warning district courts against engaging in fact-finding missions and speculating about what medical evidence the ALJ may have considered to determine whether a claimant's impairment met a disability Listing at Step Three.  *Id.* at *5-*7 ("When an ALJ fails to make a determinative and necessary finding of fact in a sequential step, a reviewing court should not 'fill that gap.'").

Despite the Circuit's clear warning, the Commissioner objects to Judge Greenberg's conclusion by again arguing the ALJ's Listing 1.04 conclusion should be affirmed because it is supported by substantial evidence in the record. (Doc. No. 17 at 2-3). The Commissioner also asserts,

> Courts have been reluctant to impose a strict articulation standard on the adjudicator at Step Three of the sequential evaluation. *See Price v. Heckler*, 767 F.2d 281, 284 (6th Cir. 1985) (minimal articulation required at step three); *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 2006 WL 229795 at *3 (6th Cir. Jan. 31, 2006) (ALJ did not err by not spelling out every consideration that went into Step Three assessment).

(*Id.* at 3). Notably, even the Commissioner apparently concedes that though the ALJ need not "spell[ ] out every consideration that went into Step Three assessment," he must at least provide a "minimal articulation" for his conclusion. (*Id.*).

Here, the ALJ did not state *any* consideration that went into his Step Three assessment of Listing 1.04. Instead, he merely quoted the standard to be applied and stated a conclusion. Without so much as a "minimal articulation" of his reasoning for this conclusion, "it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds v. Commissioner of Social Security*, 424 F. App'x 411, 416 (6th Cir. 2011). Therefore, I overrule the Commissioner's objection to Judge Greenberg's R & R, vacate the ALJ's decision as to Listing 1.04, and remand the matter. On remand, the ALJ must "actually evaluate the evidence, compare it to [Listing 1.04], and give an explained conclusion, in order to facilitate meaningful judicial review," should that be necessary in the future. *Id.*

**B.      Right Upper Extremity Evaluation**

In this action, Pilus argues the ALJ failed to meaningfully discuss her right upper extremity impairment, noting her attested right arm weakness. Judge Greenberg agreed, finding that while "[t]he ALJ noted that Pilus testified regarding weakness in her right arm, and identified clinical findings of mild stenosis in Pilus' cervical spine, as well as physical therapy and medical

4

interventions, including nerve blocks, that were prescribed to treat this impairment . . . , the ALJ failed to explain his determination that the only upper extremity limitation supported by this evidence is that Pilus 'can never reach overhead bilaterally.'" (Doc. No. 16 at 31-32 (quoting Doc. No. 12 at 25)). Judge Greenberg concluded that ALJ's failure to "provide any explanation of his assessment of Pilus' documented right upper extremity impairment" was grounds for remand because "[a]lthough he identified relevant evidence, he did not provide the required 'accurate and logical bridge between the evidence and the result.'" (Doc. No. 16 at 32 (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)).

The Commissioner objects to this recommendation by arguing the ALJ considered Pilus's testimony of right arm weakness and identified relevant objective evidence. But Judge Greenberg acknowledged the same in his R & R, finding error only in the ALJ's failure to explain how the subjective and objective evidence he identified led him to conclude the only right upper extremity limitation related to reaching overhead. The Commissioner does not contend Judge Greenberg erred in concluding the ALJ offered no such explanation or argue the ALJ's failure to provide this required explanation was harmless. Therefore, I do not consider this to be a true objection to Judge Greenberg's conclusion.

Ultimately, I agree that the ALJ failed to properly account for Pilus's right upper extremity limitations, as evidenced by the inexplicable omission of any lifting restrictions though such restrictions were recommended in two opinions the ALJ found to be persuasive. (Doc. No. 12 at 28). Therefore, I vacate the ALJ's decision with regard to Pilus's upper extremity limitations and remand the matter for further consideration.

## V. Conclusion

For the foregoing reasons, I overrule the Commissioner's objections and adopt Judge Greenberg's R & R. The ALJ's decision is vacated, and the matter is remanded. As recommended

5

by Judge Greenberg, "[o]n remand, the ALJ should provide an analysis of Pilus' impairments under Listing 1.04, explain his analysis of Pilus' right upper extremity impairment, and revise his Step Five analysis to reflect any alteration to his conclusions at Steps Three and Four." (Doc. No. 16 at 33).

    So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge